TARRY WAREHOUSE & STORAGE COMPANY v. T. F. DUVALL.

No. 7155.   Decided April 13, 1938.
Rehearing overruled May 18, 1938.
(115 S. W., 2d Series, 401.)

*Lightfoot & Robertson,* and *Nelson Scurlock,* of Fort Worth, for plaintiff in error.

It was a violation of the statutes for the plaintiff to leave his truck with trailer attached thereto, standing on the highway so that the trailer exended partially upon the pavement, when the shoulder was seven feet wide and afforded amply room to park his vehicle entirely off of the paved portion of said highway. The pavement, where possible should be left free of obstruction so that traffic may proceed without being confronted with the hazards incident to vehicles being parked partially upon the pavement and main travelled portion of the highway. International & G. N. Ry. Co. v. Edwards, 100 Texas 22, 93 S. W. 106; Texas Mexican Ry. Co. v. Hoy, (Com. App.) 24 S. W. (2d) 18; Jones v. Gibson, 18 S. W. (2d) 744, writ refused.

On the question of the sufficiency of the objection to the court's charge on proximate cause. Dixie Motor Coach Corporation v. Galvin, 126 Texas 109, 86 S. W. (2d) 633; Greer v. Thaman, (Com. App.) 55 S. W. (2d) 519; Fort Worth & D. C. Ry. Co. v. Kidwell, 112 Texas 89, 245 S. W. 667.

*Julian C. Hyer* and *A. W. Christian,* both of Fort Worth, for dafendant in error.

On the question of the sufficiency of the court's charge in its definition of proximate cause. Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas 274; Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 23 S. W. 162; Panhandle & Santa Fe Ry. Co. v. Miller, 44 S. W. (2d) 790.

MR. JUSTICE SHARP delivered the opinion of the Court.

T. F. Duvall sued the Tarry Warehouse & Storage Company for damages resulting from a collision between a trailer of defendant's truck and a trailer of plaintiff's truck. The collision occurred at a point on state highway No. 2, outside any town or city, about twelve miles north of the city of Fort Worth. The case was submitted to the jury on special issues, and based upon the answers of the jury to such special issues the trial court entered judgment for plaintiff in the sum of $10,270.75. The Tarry Warehouse & Storage Company appealed the case to the Court of Civil Appeals at Fort Worth, and the judgment of the trial court was affirmed. 94 S. W. (2d) 1249. A writ of error was granted on the application of the Tarry Warehouse & Storage Company.

In order to be brief, we will refer to T. F. Duvall as Duvall, and to the Tarry Warehouse & Storage Company as the Warehouse Company.

The Warehouse Company in substance contends that the trial court erred in overruling its motion for an instructed verdict for the following reasons:

(1) Since the undisputed evidence shows that Duvall, in violation of Article 827a of the Penal Code, parked his truck, with a trailer attached thereto, so that the left rear wheel of the trailer extended approximately 12 or 15 inches upon the pavement, and the bed of the trailer extended about 6 inches over the wheel, and the trailer was left standing in this position so that the right front corner of the trailer attached to the Warehouse Company's truck, which was being driven on the right-hand side of the pavement, collided with the left rear corner of the trailer attached to Duvall's truck, it appears that the accident and injury would not have occurred if Duvall had observed the provisions of Article 827a.

(2) Since it appears that it was negligence on the part of Duvall to leave his truck standing with the trailer attached thereto extending partially upon the pavement of the highway, at a place where vehicles were passing and might collide with his vehicle, and that such negligence was a continuous act, and occurred at the very instant the collision happened, it must be

held that the negligence of Duvall was at least a contributing or concurring cause, co-operating with the negligence on the part of the driver of the Warehouse Company's truck, in producing the injuries complained of by Duvall.

We quote from the opinion of the Court of Civil Appeals the following statement: "The collision occurred at about 11:30 P. M. on November 15, 1932. The weather was cold and dry. Plaintiff Duvall, assisted by his helper, LeRoy Price, was traveling in a northerly direction in his truck, to which was attached a trailer. The engine of his truck began missing, due to needed repairs of the gas lines, and to make the repairs he pulled his truck to the right and off the pavement of the highway, and, according to his testimony, as far as it would go without running into a ditch on the east side of the highway. The shoulder on that side where the truck pulled off was 7 feet wide. The trailer also stopped off the pavement with the exception of the left rear wheel, which stopped a foot or a foot and a half west of the east edge of the pavement. It was about 15 feet long and 6 feet wide. The west corner of the rear end of the trailer extended some 4 or 6 inches west of the rear wheel, leaving more than 15 feet of the pavement at that point open for traffic; the width of the pavement being 18 feet. There were two lights and a reflector on the rear of plaintiff's trailer that were burning brightly immediately prior to the collision.

"Defendant's truck was also traveling north on the highway; it too was pulling a trailer and was driven by defendant's employee, Lon Pitts. The right front corner of that trailer collided with the west rear corner of plaintiff's trailer, and plaintiff, who was standing on the shoulder of the highway near the front of his trailer, was struck on the head by that trailer and knocked into a ditch on the east side of the highway."

The Court of Civil Appeals further sums up the findings of the jury in the following language: "The jury found that immediately prior to the injury defendant's truck driver, Pitts, was driving the truck at a speed of 25 miles per hour, and in so doing he was guilty of negligence, which was a proximate cause of the accident; immediately prior to the collision defendant's truck driver failed to keep a proper lookout ahead for plaintiff's truck, and in so doing was guilty of negligence, which was a proximate cause of the collision; just prior to the collision defendant's truck driver was blinded by the lights of an approaching vehicle, and, after he became so blinded, he continued to drive defendant's truck at the same rate of speed at which he was driving immediately before he became blinded,

and in so doing was guilty of negligence, which was a proximate cause of the collision; just prior to the collision plaintiff parked his truck and trailer as near to the ditch on the right-hand side of the road as same could be parked, without driving it into the ditch on such right-hand side; he had a tail-light burning on his truck at the time of the collision and a reflector attached to the rear end of his truck on the left side of same."

The Warehouse Company invokes Section 10 of Article 827a of the Penal Code as a complete defense to Duvall's claim for damages.

In Article 801 of the Penal Code is found the following language: "The driver or operator of any vehicle in or upon any public highway wherever practicable shall travel upon the right hand side of such highway. * * * On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

Section 10 of Article 827a of the Penal Code in part reads: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

The building of highways and their constant use by vehicles, such as trucks, trailers, automobiles, etc., created a traffic problem that called for certain legislation. The Legislature dealt with the problem by the enactment of laws regulating traffic on the highways. Among the laws enacted are found Articles 801 and 827a of the Penal Code. It is clear that the Legislature in the enactment of Article 801 and Article 827a did not undertake to announce a rule that would be impracticable and incapable of being complied with or enforced. The question was considered from a practical viewpoint, and the Legislature undertook to impose certain requirements on those who operate vehicles on such public highways.

The law requires that the driver of a vehicle in or upon any public highway shall, wherever practicable, travel on the right-hand side of such highway. (Article 801.) Article 827a does not absolutely prohibit the driver from parking a vehicle upon the paved portion of the highway, but provides that a vehicle shall not be parked upon the paved portion of the highway *when it is possible* to park or leave the same standing off the paved portion. And the statute further provides that in no event shall a vehicle be left standing, unless a free and unobstructed width of not less than 15 feet upon the main traveled portion of the highway be left for the passage of other vehicles.

1  The evidence shows, and the jury found, that Duvall parked his truck and trailer as near the ditch as he could; that the parking of the truck and trailer so that a portion of the trailer remained on the paved portion of the highway was not the proximate cause of the collision; and that the truck and trailer were parked so that there was a clear and unobstructed width of not less than 15 feet of the pavement on the side of the truck and trailer. The jury further found that it was not possible for Duvall to park his truck and trailer entirely off the paved portion of the highway; and it was also found that he left a clear and unobstructed width of 15 feet for the passage of other vehicles; and that the parking of his vehicle as was done was not the proximate cause of the collision. The evidence shows that the accident occurred in the nighttime, about 11:30 P. M.; that there was a ditch beside the road; that when Duvall stopped his truck to fix the gasoline tank, he drove as far off the pavement as he could without getting into the ditch. The greatest distance that the trailer was shown to be on the pavement was a foot or a foot and a half, which was the distance testified to by the driver of the Warehouse Company's truck. The pavement at the scene of the accident was 18 feet wide, and the shoulder of the road on the east was 7 feet wide. The greatest distance that the bed of the trailer was shown to extend beyond the left wheel was 3 or 4 inches. Two cars passed each other on the highway near Duvall's truck while it was parked. There were two lights and a reflector on the rear of his trailer. Duvall testified that immediately before the accident he was standing on the edge of the ditch, with his left hand on the trailer, holding to the corner of the trailer in order to keep from slipping. He further testified that there was nothing between his truck and the 18 feet of paved highway on its left and the shoulder on the other side, and that cars and trucks passed by on the other side while his truck was parked. The lights at the rear of the trailer were burning immediately prior to the accident.

When all the facts and circumstances in connection with the collision are considered, they clearly raise a question of fact for the jury to determine, and the trial court did not err in refusing to instruct the jury to return a verdict for the Warehouse Company. Phoenix Refining Co. v. Tips, (Com. App.) 125 Texas 69, 81 S. W. (2d) 60; Waterman Lumber Co. v. Beatty, 110 Texas 225, 218 S. W. 363; St. Louis, B. & M. Ry. Co. v. Price, (Com. App.) 269 S. W. 422; Texas & N. O. Ry. Co. v. Harrington, (Com. App.) 235 S. W. 188; Hines v. Foreman, (Com. App.) 243 S. W. 479.

The Warehouse Company further contends that the evidence in this case raised the issue of new and independent cause, and that the trial court erred in not embracing in the definition of "proximate cause" the term "new and independent cause."

The trial court defined "proximate cause" in the following language: "By the term 'proximate cause,' as used in this charge, is meant the moving and efficient cause, without which the injury in question would not have happened. An act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question, and is one which ought to have been foreseen by a person of ordinary care and prudence in the light of the attending circumstances. It need not be the sole cause. It must be a concurring cause, which contributed to the production of the result in question, and but for which said result would not have occurred.."

The Court of Civil Appeals held that the facts did not raise the issue of "new and independent cause." It also held that the objection made to the failure to include such term "new and independent cause" in the charge was too vague, and it was not error to disregard such objection. The objection made reads as follows: "The defendant excepts to the Court's definition of 'proximate cause' because it is vague and indefinite and does not instruct the jury that there must be a continuous sequence between the cause and the effect, and that there must be no intervention of any new and independent cause. The defendant further excepts to the definition because the Court has failed to define the term 'moving and efficient cause' as used in the language of the Court defining 'proximate cause.' "

2   The purpose of the law is to require that objections be timely made to the charge of the court. This procedure is of great aid to the court in the trial of cases. The matter complained of should be stated in such manner as will acquaint the court with the defect in the charge. In this instance the definition of "proxi-

mate cause" did not include and define the term "new and independent cause." The court's attention was called to the omission in the objection made. We think this objection was sufficient.

The collision in question occurred on a public highway, and the time was near midnight, when it was difficult to judge distances accurately or to determine the rate of speed at which vehicles were traveling. The two trucks were on the same side of the highway. On account of some engine trouble, Duvall drove his truck to the side of the road, leaving part of his trailer extending over a part of the paved portion of the highway. Duvall testified that there was a ditch beside the road where he parked his truck, and that it was unsafe to park his truck any closer to the ditch. The jury found him not guilty of negligence in this respect. While his truck was in this position, the Warehouse Company's truck approached within a short distance, going in the same direction; and, at the same time a third car, with headlights burning brightly, approached the trucks from the opposite direction. The operation or movement of the third car was not, directly or indirectly, related to the operation or movement of the two trucks. There was a reflector on the Duvall truck, and, also, its rear lights were burning brightly prior to and at the time of the collision. There were no obstructions on the highway to prevent such lights from being seen, and if no intervening cause arose there was nothing to prevent the driver of the Warehouse Company's truck from seeing the lights on the Duvall truck and passing around it on the 15 feet of paved portion of the road. The third car and the Warehouse Company's truck were approaching each other at different speeds. The driver of the truck admitted that the bright lights on the approaching car blinded him, and that he did not see the Duvall truck until it was too late to avoid the collision.

3 When the foregoing facts and circumstances are considered in the light of common experience, it is difficult to define with exact certainty the line indicating just where the issue of new and independent cause begins or ends. The rule must be elastic enough to meet the ends of justice. The facts clearly raised the issue. This Court has repeatedly held that where the testimony raises the issue of "new and independent cause," the trial court should define such issue, and that it is reversible error not to do so. Young v. Massay, 128 Texas 638, 101 S. W. (2d) 809; Phoenix Refining Co. v. Tips, 125 Texas 69, 81 S. W. (2d) 60; Orange & N. W. R. Co. v. Harris, 127 Harris 13, 89 S. W. (2d) 973; Southland Greyhound Lines v. Cotten, 126 Texas 596, 91 S. W. (2d) 326.

Complaint is made that some members of the jury, while considering the case in their retirement, mentioned the fact that the Warehouse Company probably had insurance, and that the insurance company would be required to pay the judgment; and for this reason the judgment should be set aside. Since this case will be reversed ånd remanded for a new trial, it becomes unnecessary to consider that question, because that fact may not be presented again.

The judgments of both the trial court and the Court of Civil Appeals are reversed, and this cause is remanded to the trial court for a new trial.

Opinion delivered April 13, 1938.

Rehearing overruled May 18, 1938.