## FORT WORTH & DENVER CITY RY. CO. v. WALTERS.

### No. 14265.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 5, 1941.

Rehearing Denied Sept. 26, 1941.

Thompson & Barwise, of Fort Worth, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant.

Napier & Napier, of Wichita Falls, for appellee.

BROWN, Justice.

Appellee, Vivian Walters, a single woman, was riding with her friend, W. E. Derden, in Derden's automobile, on Ohio Street in the City of Wichita Falls, Texas, at night and during a rain storm, and Derden's car struck an iron railing that served as a sort of fence to divide Ohio Street so that cars could take to the left of the railing or to the right, depending upon which direction the driver desired to go.

There is a pole at the end of the iron railing that is painted with black and white stripes, alternating as is customary at such danger zones. There is an electric light upon the pole, designed to give light at this point at night.

Derden had lived in Wichita Falls for a number of years and was familiar with this particular street. In fact, he chose this much used highway as the route to carry him and his young lady companion to the destination they had decided upon. The facts show that Miss Walters has been a resident of said city for a number of years also.

Miss Walters brought suit against the City of Wichita Falls and the Fort Worth & Denver City Railway Company to recover damages to her person sustained in the accident.

She alleges that the defendants were guilty of negligence in not maintaining reflectors on the iron railing, or barricade, and that they were likewise guilty of negligence in not keeping the barricade properly painted so as to serve as notice or a warning to approaching automobiles. Other allegations of negligence were made, but the trial court only submitted the two issues referred to.

The case was tried to a jury and before the court gave the special issues hereinafter referred to, the plaintiff dismissed as to the City.

The court submitted issue No. 1 requiring the jury to find whether or not the defendant railway company was negligent in failing to maintain reflectors on the south end of the said barricade. The jury answered in the affirmative and that such negligence was a proximate cause of plaintiff's injuries.

The jury found in answer to issue No. 3 that the said defendant was guilty of negligence with respect to keeping the barricade painted, but found that such was not a proximate cause of plaintiff's injuries.

The trial court gave the approved definition of proximate cause that is customarily given when the definition does not include the issue of a new and independent cause.

The jury, after being sent back twice by the trial court, with written instructions calling attention to conflicts in the findings made as to the negligent acts of the defendants and the acts of negligence charged to Derden as being the sole proximate causes of the accident, finally absolved Derden from any act of negligence, and judgment was rendered for the plaintiff for the amount of damages found.

The defendant railway company has appealed and presents four propositions bottomed on four assignments of error.

The first assignment of error asserts that the trial court erred in refusing, over the objection of the defendant, to include the issue of a new and independent cause in the definition of proximate cause.

The plaintiff alleged that it was raining at the time of the accident and that the railing and post were not plainly visible when it was raining because of the condition of the railing and post, and that the driver of the auto was unable to see the post and railing at such time and under such conditions as then obtained, in time to avoid the accident.

■ We believe that the objection to the charge is well taken and that the assignment of error should be sustained.

Derden testified that the rain so blinded him that he was within ten feet, or less, of the railing before he saw it, and at a time too late to swerve his auto and miss it.

It is undisputed that the electric light, on the pole, at the end of the railing, was burning when the accident occurred. Derden testified that he did not see the light and that there were no reflectors on the pole, or the railing.

We are of opinion that the issue of a new and independent cause was raised by the evidence.

Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956 (Com. of App'ls. opinion adopted by the Supreme Court); Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326 (Com. of App'ls. opinion adopted by the Supreme Court); Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401 (Supreme Court); Orange & N. W. R. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973 (Supreme Court).

The second assignment of error presented covers the matter of the trial court permitting the plaintiff to interrogate one of her witnesses concerning the number of wrecked autos that he had picked up at this particular place.

Counsel for plaintiff seems to have realized that such a procedure was treading on dangerous ground and after the damaging evidence was introduced announced that he joined defendant in the objection and the request to exclude it, but defendant's counsel contends that, under such circumstances, the harm cannot be "cured", and the request was made to declare a mistrial.

The trial court denied the request and attempted to withdraw the damaging testimony.

■ We believe that this case presents one of those situations where the harm is done and that nothing the trial court could say would eradicate the harmful impression that the evidence made on the average juror's mind.

This evidence was calculated to prejudice and even inflame the minds of the jurors, by showing that accident after accident had occurred at the identical spot.

The assignment of error is well taken. Gulf, C. & S. F. Ry. Co. v. Levy, 59 Tex. 542, 46 Am.Rep. 269; City of Pampa v. Todd, Tex.Com.App., 59 S.W.2d 114 (Com. of App'ls. opinion approved).

The jury returned a verdict in which the trial court found irreconcilable conflicts and the court then gave the jury the following instructions:

"You have answered Special Issue No. 2 that the failure to have reflectors on the barricade was a proximate cause of plaintiff's injuries, and you have answered Special Issue No. 4 that the failure to have the barricade painted was a proximate cause of plaintiff's injuries, and you have answered Special Issue No. 6 that the failure of Derden to drive to the left of the barricade was the sole proximate cause of plaintiff's injuries, and you have answered Special Issue No. 21 that the failure of Derden to drive to the right was the sole proximate cause of plaintiff's injuries.

"A reference to the instructions 'D' and 'E' will acquaint you with the fact that, while there may be more than one proximate cause, there can only be one sole proximate cause of an accident; therefore, there is a conflict in your findings in that you have found two sole causes, and also the finding of one sole cause is incompatible with the finding of any other proximate cause; or, stating the proposition conversely, the finding of one or more proximate causes is incompatible and in conflict with a finding of a sole cause.

"The Court does not desire to indicate and does not indicate how you shall answer the Special Issues, but only to point out the conflict in your answers. So, as stated in the main charge, you must answer the Special Issues as you find the facts to be and you are entirely free to make any answer to any Special Issue in the Court's charge as you may find from a preponderance of the evidence; and you will return to your room and reconcile your answers."

The jury retired under such instructions and presently returned a verdict with some changes having been made, but with findings that were conflicting, and the court sent them back with this second instruction:

"You have answered Special Issue No. 2 that the failure to have reflectors on the barricade was a proximate cause of plaintiff's injuries, and you have answered Special Issue No. 6 that the failure of Derden to drive to the left of the barricade was the sole proximate cause of plaintiff's injuries.

"A reference to Instructions 'D' and 'E' will acquaint you with the fact that, while there may be more than one proximate cause, there can only be one sole proximate cause of an accident; therefore, there is a conflict in your findings in that you have found a sole proximate cause and also a proximate cause; and the finding of a sole proximate cause is in conflict with the finding of a proximate cause, or, stating the proposition conversely, the finding of a proximate cause is in conflict with the finding of a sole proximate cause.

"The Court does not desire to indicate and does not indicate how you shall answer the Special Issues, but only to point out the conflict in your answers. So, as stated in the main charge, you must answer the Special Issues as you find the facts to be and you are entirely free to make any answer to any Special Issue in the Court's charge as you may find from a preponderance of the evidence; and you will return to your room and reconcile your answers."

The jury finally reconciled all answers and brought in a verdict on which the judgment is bottomed.

Objections were made to these instructions because they told the jury why the answers were conflicting and necessarily instructed the jury as to the effect of the findings.

■■■ This court has always been of the opinion that a trial court may only call attention to the conflicts, if there be any, and that a charge purporting to tell the jury why the answers are conflicting constitutes reversible error. The Supreme Court has set this question at rest in the case of A.B.C. Stores, Inc. v. Taylor, Tex.Sup., 148 S.W.2d 392, in a per curiam opinion that plainly holds the trial court should have returned the jury to its room for further consideration of the charge, pointing out the conflicting findings without comment, and the assignment of error addressed to the instructions must be sustained.

■■ The fourth and last assignment of error presented is to the effect that under the facts and circumstances shown the trial court erred in refusing to give the defendant's request for a peremptory instruction.

We overrule the assignment of error.

It is not clear to us, from the record, who built the barricade in question, or who owns, or controls, the ground on which it stands.

If it was constructed under a City ordinance, as is contended, the ordinance is not before us and no proof that the provisions of the ordinance were met by the builders.

In short, we are unable to say, from the record, on whose shoulders the duty of maintenance rests.

For the reasons given, the judgment is reversed and the cause remanded.