NO. 07-09-00350-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 16, 2010

JACOB NEUFELD, APPELLANT

v.

KENNETH HUDNALL, STANLEY BAKER,
JOEL HOVDEN, TEJAS MOTORS AND
LONE STAR AUTO AUCTION, INC., APPELLEES

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,835; HONORABLE RUBEN GONZALES REYES, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Jacob Neufeld, appeals a take-nothing judgment entered by the trial court on Neufeld's claim for personal injuries. We affirm.

Background

On September 19, 2007, Neufeld attended an automobile auction on the premises of Lone Star Auto Auction. Prior to the beginning of the auction, Neufeld walked through the lot to take a closer look at the cars that were to be auctioned and to determine which vehicles he would bid on. As Neufeld was inspecting the autos, the

employees of Lone Star began lining up the cars to be auctioned. Two vehicles were at the head of the line when Kenneth Hudnall pulled a third to the end of the line. As Neufeld was walking between the first and second cars in the line, the car that Hudnall was driving lurched forward and hit the second car, which was pushed up to the first car, trapping Neufeld between the two vehicles and crushing his legs.

Neufeld filed suit against Lone Star; Hudnall; Stanley Baker and Joel Hovden, the drivers of the other two vehicles involved in the accident; and Tejas Motors, a customer of the auction. In their answers, the defendants generally denied Neufeld's claims, alleged that Neufeld was negligent, and asserted the inferential rebuttal defenses of intervening cause, act of God, and unavoidable accident. During the ensuing bench trial, the trial court granted directed verdict in favor of Baker and Hovden. Toward the end of the trial, Neufeld amended his petition to omit any claim against Tejas Motors. Thus, the trial court's take-nothing judgment related to Neufeld's claims against Hudnall and Lone Star. Findings of fact and conclusions of law were requested and the trial court entered findings and conclusions. Neufeld then timely filed the present appeal.

By one issue, Neufeld challenges the factual sufficiency of the evidence supporting the judgment.

## Factual Sufficiency

By his sole issue, Neufeld contends that the trial court committed reversible error in entering judgment finding that the defendants were not negligent because such judgment is against the great weight and preponderance of the evidence. Neufeld's issue challenges the factual sufficiency of the judgment as a whole rather than the

sufficiency of the evidence supporting any particular finding of fact made by the trial court.

Standard of Review

In a bench trial, findings of fact have the same force and dignity as a jury's verdict upon jury questions.  Dupree v. Garden City Boxing Club, Inc., 219 S.W.3d 613, 615-16 (Tex.App.--Dallas 2007, no pet.); In re C.R.O., 96 S.W.3d 442, 447 (Tex.App.—Amarillo 2002, pet. denied).  However, findings of fact are not conclusive when we have a complete record.  Leax v. Leax, 305 S.W.3d 22, 28 (Tex.App.—Houston [1st Dist.] 2009, pet. denied).  When a complete reporter's record is filed, the trial court's factual findings are reviewable for legal and factual sufficiency under the same standards that are applied in reviewing the sufficiency of the evidence supporting jury findings.  Dupree, 219 S.W.3d at 616; In re C.R.O., 96 S.W.3d at 447.

When an appellant challenges the factual sufficiency of an adverse finding upon which he had the burden of proof, he must show that the finding was against the great weight and preponderance of the evidence.  See Dupree, 219 S.W.3d at 616.  The reviewing court must consider and weigh all the evidence and may set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.  Id.  In conducting this review, we may not substitute our judgment for that of the finder of fact, even if we would have reached a different conclusion when reviewing the evidence.  Id.

A trial court's conclusions of law may not be challenged for factual sufficiency, however, a reviewing court may review the conclusions drawn from the facts to

3

determine their correctness.  See id. (citing BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002)).  If a finding that is supported by the evidence and necessary to support a conclusion is omitted, we may imply the finding and that it supports the judgment.  See id.

The appellees contend that Neufeld failed to preserve any error because his factual sufficiency challenge does not challenge any specific finding of fact made by the trial court.  Generally, while findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole.  In re an Unborn Child, 153 S.W.3d 559, 560 (Tex.App.--Amarillo 2004, pet. denied).  If the trial court's findings of fact are not challenged by an issue on appeal, they are binding upon the appellate court.  See Nw. Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied).  However, a challenge to an unidentified finding of fact may be sufficient for review if we can fairly determine from the argument the specific finding of fact which is being challenged.  Shaw v. County of Dallas, 251 S.W.3d 165, 169 (Tex.App.—Dallas 2008, pet. denied).

Analysis

In the present case, Neufeld's issue contends that the judgment as a whole was against the great weight and preponderance of the evidence.  However, a review of Neufeld's argument allows this Court to fairly determine that Neufeld is challenging the factual sufficiency of the evidence to support the trial court's findings that "Hudnall was not negligent on the occasion in question and did not proximately cause any damage to

4

Neufeld in that Hudnall experienced an episode which was an intervening cause [which] was unexpected, unanticipated[,] and unforeseeable;" "Lone Star was not negligent on the occasion in question and did not proximately cause any damage to Neufeld;"[1] and "No dangerous condition existed on the premises operated by Lone Star, and Neufeld was not injured as a result of any condition on the premises at the time the accident in question occurred."[2]

Neufeld's challenge to the trial court's finding that Hudnall did not proximately cause Neufeld's injuries because of an unexpected, unanticipated, and unforeseen intervening cause is premised on Neufeld's contention that the expert medical opinion evidence offered to prove the intervening cause was too speculative to constitute probative evidence.

An independent and intervening cause destroys the causal link between a claimed act of negligence and the resulting damage. See Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401, 405 (1938) (bright lights that blinded

---

[1] While Neufeld's petition alleged that Hudnall was an employee of Tejas Motors, during trial, Neufeld moved for a trial amendment of his pleading to allege that Hudnall was an employee of Lone Star. The defendants affirmatively stated that they had no objection to the trial amendment and Neufeld's motion was granted by the trial court. Thus, Neufeld's claim of negligent hiring or retention was asserted against Lone Star.

[2] We note that all of these findings are more fairly characterized as conclusions of law. The trial court's only factual findings relevant to either of the challenged "findings" are the findings that "Hudnall experienced an episode which was an intervening cause [that] was unexpected, unanticipated[,] and unavoidable," and that "[n]o dangerous condition existed on the premises operated by Lone Star . . . ." As to any other factual issues that are necessary to the trial court's judgment, we will imply those finding that are supported by the evidence and that support the judgment. See Dupree, 219 S.W.3d at 616.

driver were intervening cause that broke the causal chain); Cook v. Caterpillar, Inc., 849 S.W.2d 434, 440 (Tex.App.—Amarillo 1993, writ denied) (acts of third-party driver destroyed the causal link between product defect and injury). When a claim of intervening cause is premised on a medical episode or condition, medical expert testimony is required. See Ins. Co. of N. Am. v. Myers, 411 S.W.2d 710, 713 (Tex. 1966). Expert medical opinion evidence relating to issues of causation "must rest in reasonable probabilities; otherwise, the inference that such actually did occur can be no more than speculation and conjecture." Id. The determination of whether expert opinion evidence is based on reasonable probability depends on consideration of the substance of the evidence and does not turn on semantics or the use of any particular term or phrase. Id. Expert opinion evidence regarding causation that is not based on reasonable probability, but is rather based on speculation and surmise, is no evidence. See Onwuteaka v. Gill, 908 S.W.2d 276, 283 (Tex.App.—Houston [1st Dist.] 1995, no writ).

In the present case, the expert medical opinion evidence offered by Lone Star concluded that Hudnall suffered a pre-syncopal episode which led to confusion and loss of control of his vehicle. The expert, Kevin Funk, M.D., chronicled a number of different potential causes of this pre-syncopal episode that are consistent with Hudnall's medical history. While Dr. Funk does indicate that he will "assume" that Hudnall suffered a pre-syncopal episode, the context of this statement indicates that it was intended only to convey Dr. Funk's starting hypothesis. The remainder of the report then identifies a number of different causes of pre-syncopal episodes that are present in Hudnall's medical history. It is only after discussion of Hudnall's medical history and its

6

correspondence to many potential causes of pre-syncopal episodes that Dr. Funk concludes that, "in all reasonable medical probability, Mr. Hudnall suffered a pre-syncopal episode." While Dr. Funk does not definitively identify what caused Hudnall to experience this pre-syncopal episode, he does conclude, within a reasonable degree of medical probability, that Hudnall experienced a pre-syncopal episode. Having determined that Dr. Funk's expert opinion was based on a reasonable medical probability and, therefore, probative evidence that supports the trial court's intervening cause finding, we cannot say that the trial court's determination that this pre-syncopal episode was an intervening cause of Neufeld's injuries was so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. As such, we find the evidence supporting the trial court's finding that Hudnall was not negligent because Hudnall's pre-syncopal episode was an intervening cause of Neufeld's injuries is factually sufficient.

Review of Neufeld's challenge to the factual sufficiency of the evidence supporting the trial court's finding that Lone Star was not negligent depends on the type of claim Neufeld asserted against Lone Star. A liberal construction of Neufeld's petition reveals that Neufeld asserted a claim that Lone Star was liable for its negligent hiring and retention of its employee, Hudnall. According to Neufeld, Lone Star was directly negligent because it hired and retained Hudnall in a position that required that he operate motor vehicles near the public with knowledge that Hudnall had a history of low blood pressure and diabetes.

An employer who negligently hires an incompetent or unfit individual may be directly liable to a third party whose injury was proximately caused by the employee's negligent or intentional act. See Verinakis v. Med. Profiles, Inc., 987 S.W.2d 90, 97 (Tex.App.--Houston [14th Dist.] 1998, pet. denied). A claim of negligent hiring and retention is based on an employer's direct negligence instead of the employer's vicarious liability for the torts of its employees. Id. To prevail in a negligence action, the plaintiff must prove: (1) a legal duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) damages proximately caused by the breach. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). Both the duty and proximate cause elements required to establish a claim of negligent hiring or retention are premised on foreseeability. See Mellon Mortgage Co. v. Holder, 5 S.W.3d 654, 659 (Tex. 1999); CoTemp, Inc. v. Houston West Corp., 222 S.W.3d 487, 492 (Tex.App.--Houston [14th Dist.] 2007, no pet.). Thus, liability under the doctrine of negligent hiring or retention is based on the employer's negligence in hiring or retaining an incompetent servant whom the master knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. See Houser v. Smith, 968 S.W.2d 542, 546 (Tex.App.--Austin 1998, no pet.).

There is no dispute that, at the time of the accident, Hudnall was acting in the course and scope of his employment with Lone Star. The key factual issue in establishing Lone Star's liability for negligently hiring and retaining Hudnall is whether the accident was foreseeable. The record reflects that, when it hired Hudnall, Hudnall informed Lone Star that he was on medication for diabetes and low blood pressure. From this fact, Neufeld contends that Lone Star should have foreseen that Hudnall

could experience dizziness or loss of consciousness while operating a motor vehicle in the course and scope of his employment.[3] However, the General Manager of Lone Star testified that, at the time of Hudnall's hiring, Hudnall indicated that he did not think that his medical condition would impact his ability to drive nor endanger customers, and, in the approximate year and a half that Hudnall worked for Lone Star, Hudnall had not notified Lone Star of any health problems or any loss of consciousness or blackouts. In addition, Hudnall testified that the only time he had experienced fainting spells or weakness was before he was diagnosed with diabetes and started on medication, and that those issues would have occurred sometime in 2001 or 2002, which would have been five to six years before the accident in the present case. Thus, considering all the evidence, we do not find the evidence to be so weak or the finding that Lone Star was not negligent in hiring and retaining Hudnall to be so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. See Dupree, 219 S.W.3d at 616. Thus, we conclude that the evidence was sufficient to support the trial court's finding that Lone Star was not negligent and did not proximately cause Neufeld's injuries.

The other finding that Neufeld's argument fairly challenges is the sufficiency of the evidence supporting the trial court's determination that Lone Star is not liable under the theory of premises liability. Neufeld points to evidence that Lone Star posted no warning signs on its premises, failed to warn patrons of any unsafe areas, and Hudnall's

---

[3] We note the logical inconsistency of Neufeld's arguments. Neufeld contends that Hudnall did not experience a pre-syncopal episode that was an intervening cause of Neufeld's injuries, while also contending that Lone Star's knowledge of Hudnall's medical history was enough that Lone Star should have known that Hudnall would experience dizziness and confusion (a pre-syncopal episode) or pass out (syncope).

9

testimony that the auction lot was "controlled chaos" as evidence that Lone Star was aware of a dangerous condition on the premises of which it failed to warn business invitees.

To succeed in a premises liability suit, an invitee plaintiff must prove that (1) the defendant had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant failed to exercise reasonable care to eliminate or reduce the risk of that harm, and (4) the defendant's failure to use such care proximately caused the invitee's injury. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). The mere fact that an injury occurred on the premises is not of itself evidence of negligence because almost any activity involves some risk of harm. Thoreson v. Thompson, 431 S.W.2d 341, 344 (Tex. 1968). Additionally, when a risk is open and obvious and an invitee knows or is charged with knowledge of the risk, the premises owner owes the invitee no duty to warn of the risk. Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 28 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

In the present case, it is clear that Lone Star was aware that vehicles were being moved to the auction floor; however, there is no evidence that it knew or had reason to know that Hudnall would pass out or otherwise operate the vehicle in an unsafe manner. Further, while the act of driving an automobile poses a risk of harm, the evidence does not establish that the risk of harm was unreasonable. Even though the manner in which the auction was conducted was described as "controlled chaos," there is no evidence that the manner that the auction was conducted on September 19, 2007,

was any different than for any other Lone Star auction, and there was no evidence of prior accidents at Lone Star auctions that would give rise to an inference that the manner in which Lone Star conducted its auctions was unreasonably dangerous. Because the evidence does not establish that there was a condition on Lone Star's premises that posed an unreasonable risk of harm, Lone Star owed no duty to invitees, such as Neufeld. Further, the inherent risk posed by operating a motor vehicle near pedestrians was an open and obvious risk of which Neufeld should have been aware. Thus, in the absence of evidence that Lone Star had actual or constructive knowledge that Hudnall's driving a vehicle posed an unreasonable risk of harm to invitees, it owed no duty to Neufeld that it could have breached. As discussed above, the great weight and preponderance of the evidence does not establish that Lone Star possessed such actual or constructive knowledge. Consequently, we find the evidence to be factually sufficient to support the trial court's finding that "[n]o dangerous condition existed on the premises operated by Lone Star, and Neufeld was not injured as a result of any condition on the premises at the time the accident in question occurred."

## Conclusion

Concluding that the evidence is factually sufficient to support the trial court's findings of fact that were fairly challenged by Neufeld's appeal, we overrule Neufeld's sole issue and affirm the judgment of the trial court.

Mackey K. Hancock
Justice

11