BEN E. KEITH CO. v. MINOR et al.

No. 12436.

Court of Civil Appeals of Texas. Dallas.

Feb. 20, 1937.

Rehearing Denied March 20, 1937.

Touchstone, Wight, Gormley & Price, of Dallas, for relator.

Storey, Sanders, Sherill & Armstrong, of Dallas, for respondents.

LOONEY, Justice.

This is an original application by Ben E. Keith Company, Inc., relator, against Al-vin Minor and Hon. Claude M. McCallum, judge of the One Hundred First judicial district court, Dallas county, Tex., respondents, for the issuance of a writ of mandamus, directing the judge to complete the trial of cause No. 21177-E, styled "Alvin Minor v. Ben E. Keith Company," pending on the docket of said court, by causing to be entered judgment in favor of relator (defendant in the court below), in accordance with the verdict of the jury.

We deem the following a sufficient statement of the case: Alvin Minor, respondent, sued Ben E. Keith Company, Inc., relator, to recover damages for alleged injuries sustained when a truck belonging to the company collided with an automobile belonging to respondent Minor, about 11 o'clock p. m. at a point on highway No. 75, 6 miles south of Ennis, Ellis county, Tex. Plaintiff alleged in substance that, while traveling in a northerly direction towards Dallas, his supply of gasoline became exhausted compelling him to stop his car (a four-door sedan) which he parked off the concrete slab on the right-hand side of the highway, leaving his tail, inside dome and head lights burning; and that, while standing in front of his parked car, waiting for the return of his son, without any warning, defendant's truck negligently was caused to collide with plaintiff's car, knocking same over and against him, inflicting serious bodily injuries, and wrecking his car, etc. Plaintiff alleged a number of grounds of actionable negligence, among others, that the driver of defendant's truck failed to keep a proper lookout.

Defendant below, relator here, answered by a general denial and specifically that plaintiff was guilty of contributory negligence in a number of respects, among others, that in violation of the Penal Code (Vernon's Ann.P.C., section 10 of article 827a) he parked and left his automobile standing upon the paved, improved, or main traveled portion of the highway (the point of collision being outside of an incorporated city or town), although it was possible to have parked or left the car off the highway, and that such conduct on the part of plaintiff proximately caused or contributed to cause the collision and resultant injuries.

On a proper submission, the jury convicted the defendant (relator) of actionable negligence in failing to keep a proper lookout; also found that plaintiff stopped

his car upon the paved portion of the highway; and that such negligence proximately caused or contributed to cause the collision, although the jury failed to answer the specific issue submitting the question, whether or not, plaintiff was guilty of negligence in permitting his automobile to be stopped or parked on the paved portion of the highway. Motions for judgment by both plaintiff and defendant based on the verdict were overruled, and the court, concluding that there existed such a conflict in the findings of the jury on material issues as to prohibit the rendition of judgment for either party, of its own motion declared a mistrial.

The jury having found defendant guilty of actionable negligence in failing to keep a proper lookout, plaintiff would have been entitled to judgment, but for the finding against him on contributory negligence. They found that he violated section 10 of article 827a of the Penal Code, in that he stopped his automobile upon the paved portion of the highway, and that such act was the proximate or a contributing cause of the collision. In this connection, the jury failed to answer the issue as to whether plaintiff's conduct constituted negligence, and no issue was submitted as to whether it was possible for plaintiff to have parked his car off the paved or traveled portion of the highway. The statute involved reads: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway; outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fiftten feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

■ Plaintiff's allegations show that it was not only possible to park the car off the highway, but that in fact he did so, hence it was not necessary for the court to submit that issue. Was the act of plaintiff, in parking his car upon the highway under the circumstances, negligence per

se? We think so. His allegations, in effect, admitted that it was possible to park the car off the highway, hence the finding that he parked on the paved and traveled portion of the highway was tantamount to a finding of negligence, as the Legislature had pre-empted the field and declared such an act a penal offense, hence was negligence per se. Thrush v. Lingo Lbr. Co. (Tex.Civ.App.) 262 S.W. 551; Greaber v. Coca-Cola Bottling Works (Tex.Civ. App.) 98 S.W.(2d) 1028.

The allegations of plaintiff forbid the idea that any reason existed that would have excused him or palliated his conduct in parking the car on the traveled portion of the highway, so, the case is not under the rule announced in Taber v. Smith (Tex.Civ.App.) 26 S.W.(2d) 722-725; Dixie Motor Coach Corp. v. Swanson (Tex.Civ.App.) 41 S.W.(2d) 436; Jones v. Sunshine Grocery & Market (Tex.Civ. App.) 236 S.W. 614.

It is contended, however, that, although plaintiff may have stopped his car upon the traveled portion of the highway, the jury, in response to special issue No. 28, having found that the car was parked so as to give the visible warning required by the statute; and that having found in answer to special issue No. 37 that, in parking the car on the highway plaintiff left a clear and unobstructed width of 15 feet opposite the vehicle for free passage of other vehicles, that no violation of the statute was shown.

■ The statute defines two distinct offenses, first, that of parking a vehicle, whether attended or unattended, upon the paved or main traveled portion of the highway (outside corporate limits) when it is possible to park or leave the vehicle off the highway; the second offense is based on a situation where one is compelled to park upon the highway because it is impossible to park elsewhere; in such a situation, the statute requires that there shall be left a clear and unobstructed width of not less than 15 feet upon the traveled portion of the highway, opposite the standing vehicle for the passage of other vehicles; and also that, the vehicle shall be so parked as that a clear view of it may be had for a distance of 200 feet upon the highway in each direction.

The jury having found that plaintiff violated the first division of the statute, the offense was complete when the car was parked at a place where it was possible to

have parked off the traveled portion of the highway. The findings in response to the issues just mentioned—that is, that plaintiff left a clear and unobstructed width of 15 feet for the passage of other vehicles, and that he did not fail to give visible warning to persons approaching from the rear—were irrelevant and immaterial issues and should not have been submitted in that connection. Had plaintiff been charged with the violation of the second subdivision of the statute, these issues would have been pertinent, and the findings of the jury thereon would have exculpated plaintiff of the charge of contributory negligence, but such was not the case.

■ Failing to find the existence of a conflict in the findings of the jury on material issues, forbidding the rendition of judgment for relator (defendant below), we conclude that the trial judge should have performed the ministerial act of rendering judgment in its favor [Dallas Ry., etc., Co. v. Watkins (Tex.Civ.App.) 89 S. W.(2d) 420], therefore the writ of mandamus will issue in accordance with relator's prayer.

Mandamus granted.