PAT JACKSON V. ELI EDMONDSON.

No. 7638. Decided May 28, 1941.
(151 S. W., 2d Series, 794.)

*Kerr & Gayer,* of San Angelo, for plaintiff in error.

Where an issue of unavoidable accident is submitted in charge to a jury, then the burden of proof to establish by a preponderance of the evidence that the occurrence was not an unavoidable accident, should be properly placed. Gulf, C. & S. F. Ry. Co. v. Giun, 131 Texas 548, 116 S. W. (2d) 693, 116 A. L. R. 795; McClelland v. Mounger, 107 S. W. (2d) 901; Trinity & B. V. Ry. Co. v. Blackshear, 106 Texas 515, 172 S. W. 544.

*Robert P. Brown, W. A. Johnson* and *Cliff Tupper,* all of San Angelo, and *L..D. Griffin,* of Alice, for plaintiff in error.

The Court of Civil Appeals did not hold contrary to the decisions of this State in holding under the evidence as presented in this case, that the automobile in which plaintiff was seated was not an unseen automobile by the use of ordinary diligence. Ben E. Keith Co. v. Minor, 103 S. W. (2d) 241; Texas Cities Gas Co. v. Ellis, 63 S. W. (2d) 717; Horton v. Benson, 266 S. W. 213.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a suit for damages for personal injuries filed by Eli Edmondson against Pat Jackson for injuries received in an automobile accident. Verdict and judgment upon jury findings were for plaintiff. The Court of Civil Appeals affirmed the judgment. 129 S. W. (2d) 369.

The questions essential to a determination of the case are discussed in the opinion of the Court; and as the application for writ of error complains of alleged errors upon only those questions, reference is made to the opinion for a statement upon the court's inclination "to the view that plaintiff's allusion to the 'adjuster' informed the jury that defendant had insurance."

We find it unnecessary, for reasons that will presently appear, to decide the question raised.

Under our view it is necessary to reverse the case because of the action of the Court of Civil Appeals in upholding the trial court's failure to embrace in its definition of "proximate cause" the term "new independent cause."

The Court of Civil Appeals does not question the duty of the trial court, in the event the evidence raises the question, to include the term in its definition of "proximate cause," and define same.

Since the case may be again tried, the evidence bearing upon the question will be alluded to only briefly. Four cars were involved in the collision. Two were proceeding through the town of Tennyson on the Bronte-San Angelo highway headed south, defendant's car and J. T. Henry's car. Two were parked on the west side of the highway, about two-tenths of a mile south of the postoffice in the town of Tennyson, R. I. Brown's car and a car belonging to Pete Manos in which plaintiff was seated at the time of the collision. The parked cars likewise were headed south. The Manos car was parked about five feet off the paved portion of the highway and Brown's car was parked about six to ten feet behind it, whether so as to obscure the Manos car from the vision of one approaching the scene on the highway from the north being a matter upon which the evidence was conflicting. There is evidence to the effect that defendant in the vicinity of the Henry car veered off the paved portion of the highway, hit the back end of Brown's car and then collided with the Manos car in which plaintiff was sitting. There is also testimony that before the cars came to rest after the first parked car was struck all four were involved by actual impacts in the several collisions.

It appears from the evidence pointed out that it was such as to raise a question of "new and independent cause." The Court of Civil Appeals erred in upholding the trial court's failure to define the term and include it in its definition of "proximate cause." Orange & N. W .R. Co. v. Harris et al, 127 Texas 13, 89 S. W. (2d) 975; Southland Greyhound Lines v. Cotten, 126 Texas 596, 91 S. W. (2d) 326; Southern Ice & Utilities Co. v. Richardson (Com. App.), 128 Texas 82, 95 S. W. (2d) 956. Tarry Warehouse & Storage Co. v. Duvall, 131 Texas 466, 115 S. W. (2d) 401.

We are in agreement with the Court of Civil Appeals upon all other questions presented, except that upon which the writ was granted. Since no questionable allusion that might inject into the case the question of insurance should be made upon another trial, it is unnecessary to discuss and determine the question as presented by the present record.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded.

Opinion adopted by the Supreme Court May 28, 1941.