### LIGON v. HOMMEL et al.
### No. 2642.

Court of Civil Appeals of Texas.
Tenth District, Waco.

June 21, 1945.

Rehearing Denied July 19, 1945.

Tom P. Scott, of Waco, and Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

Frank B. Tirey, C. S. Farmer, and Willard McLaughlin, all of Waco, for appellees.

RICE, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Mrs. Mary Hommel, individually and as next friend for her two minor children, brought suit in one of the District Courts of McLennan County, Texas, against the Southwestern Greyhound Lines, Inc., and James Ligon, driver of a bus operated by said corporation, for recovery of damages suffered by plaintiffs because of the death of Fred Hommel, husband of Mrs. Hommel and father of the minor plaintiffs. The deceased was alleged to have been killed on the Waco-Dallas highway in McLennan County, Texas, on March 25, 1944, when the car which he was driving ran into the rear end of a bus of said corporate defendant then under the control of James Ligon, one of its employees. At the time of the collision the bus was not in motion but was stopped approximately five feet west of the west edge of that portion of the highway paved with concrete.

Appellant James Ligon seasonably filed his plea of privilege to be sued in Tarrant County, where he resided. Plaintiffs duly filed their controverting affidavit, alleging that this suit was properly maintainable in McLennan County, Texas, under subdivision 9 of Article 1995, Revised Civil Statutes of Texas, because appellant James Ligon, agent and employee of the corporate defendant, was guilty of the commission of a crime, offense and trespass in McLennan County, Texas, in that he violated section 10 of Article 827a of the Penal Code of the State of Texas, Vernon's Ann., in that appellant parked the bus he was operating and left it standing upon the paved or improved or main traveled portion of the highway, outside of an incorporated town or city, when it was possible to park or leave said bus standing off of the paved or improved or main traveled portion of the highway. On the issues thus formed a hearing was had resulting in an order overruling the plea of privilege of James Ligon, and the latter has perfected his appeal.

In our opinion, the undisputed evidence discloses that the Waco-Dallas state highway, at and near the place of the collision, runs in a general north-south direction; the right-of-way is 100 feet wide and approximately on its center line there is a concrete slab 22 feet in width with a black stripe along its center. On each side of the concrete slab there were graveled shoulders eight feet in width. Some little time before the accident appellant Ligon, the corporate defendant's bus driver, while in the discharge of his duties, stopped his bus off the concrete and left it standing with its lights on, upon the graveled portion of said highway at a distance estimated to be from three to six feet west of the western edge of that portion of the highway paved with concrete. At this point and about 50 feet west of the concrete slab there was a combination filling station and store. The lights were on at the filling station at the time of the accident. The intervening space between the filling station and the concrete slab of the highway was graveled in the shape of a half moon. The gravel on the above-mentioned space was on a level with the concrete slab; was smooth and hard, and bore evidence that it was used a great deal. Immediately west of this graveled space the land was level and open, and the bus could have been parked there, off the gravel, without difficulty. Fred Hommel, traveling along the highway in a southerly direction, drove his car off the concrete slab of the highway into the rear of the bus while it was parked as above set forth, and was fatally injured. The accident occurred at about 11 o'clock p. m.

Appellant takes the position that the undisputed evidence conclusively demonstrates that he did not violate the provisions of section 10 of Article 827a of the Penal Code of this state because plaintiff pleaded and the evidence shows that he stopped and parked his bus five feet west of the western edge of the concrete slab of the highway, and not upon the paved or improved or main traveled portion of the highway, as prohibited by Article 827a, section 10, of the Penal Code.

Appellees take the position that the trial court's order overruling the plea of privilege finds support in the evidence because they say it is undisputed that appellant did violate the terms of said Article 827a, section 10, of the Penal Code because admittedly the bus was stopped, parked and left standing on the hard, smooth, graveled portion of the highway west of the western edge of the concrete slab, when it was possible to have parked and left the bus standing off the paved, improved or main traveled portion of the highway. Appellees contend that the graveled portion of the highway west of the concrete slab, and forming a half moon between the filling station and the concrete slab, was both a paved and an improved portion of the highway, and hence it was unlawful to park or to leave a motor vehicle thereon.

Because of the holding in Jackson v. Edmondson, Tex.Civ.App., 129 S. W.2d 369, 371; Id., 136 Tex. 405, 151 S. W.2d 794, we sustain appellant's contention. In our opinion, the factual situation presented by this record is in all material respects substantially the same as that before the court in the above-cited case. In said case, a disabled car was parked off "the paved or improved portion of the highway on the graveled or caliche shoulder, some three feet from the paved or hard surfaced portion." While thus parked it was involved in a collision. The graveled or caliche portion of the highway was kept graded, was about eight feet wide, and gradually sloped from the pavement to the drainage ditch on each side of the highway. In respect to the application of Article 827a, section 10 of the Penal Code to the foregoing factual situation the court said: "Manifestly it is the paved or hard surfaced portion of the highway which the statute prohibits the parking of vehicles on. It is a matter of common knowledge, as well as the evidence in the instant case, that the paved or hard surfaced portion of a highway is the 'main traveled portion' of it. It is also common knowledge that the graveled or caliche shoulder to any paved or hard surfaced highway is the place vehicles are usually parked for temporary repairs or to change tires, etc."

We are of the opinion that the fact that the graveled or caliche shoulder in the above-cited case was only eight feet wide, is not of such controlling importance as to serve to distinguish it, in so far as the decided question of law is concerned, from this case, because here the half moon graveled portion of the highway in front of the filling station was 45 or 50 feet wide. In our opinion, the effect of the holding in the case of Jackson v. Edmondson is that it is unlawful to park or stop a motor vehicle on the main traveled part of a highway; that where the highway is paved it is unlawful to park and stop a motor vehicle on such paved portion because as a matter of common knowledge the paved portion of the highway is the "main traveled" portion of it; and that it is not unlawful to park and stop such vehicle upon the graveled portion of the highway adjoining the paved portion because such graveled portion is not the main traveled part of the highway.

Although the Texas Commission of Appeals reversed the judgment of the Court of Civil Appeals, 136 Tex. 405, 151 S.W.2d 794, 795, because it held that the trial court was in error in failing to charge on the question of new and independent cause, it had this to say: "We are in agreement with the Court of Civil Appeals upon all other questions presented, except that upon which the writ was granted."

The judgment of the District Court is accordingly reversed and judgment is here rendered that the plea of privilege be and the same is hereby sustained, and it is ordered that the cause of action asserted by plaintiff in so far as the same relates to appellant alone be transferred to the District Court of Tarrant County, as provided by Rule 89, Vernon's Texas Rules of Civil Procedure.

TIREY, J., took no part in the consideration and disposition of this case.