## WOOTAN v. BERRY et vir.

### No. 11921.

Court of Civil Appeals of Texas.
San Antonio.

March 23, 1949.

J. Edward Johnson, of Dallas, for appellant.

R. E. Lee, of Mason, for appellees.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. Appellant resides in McCullough County. The collision took place in Mason County where the suit was filed. Exception No. 9 of Article 1995, Vernon's Ann.Civ.Stats., as amended by Acts of 1947, 50th Leg. p. 739, Ch. 366, § 1, is involved and reads as follows, to-wit:

"9. Crime or Trespass. A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, *whether committed by the defendant or by his agent, or representative,* or in the county where the defendant has his domicile." The italicized words were added to the section by the 1947 amendment. For the purpose of the amendment, see Roadway Transport Co. v. Gray, Tex.Civ.App., 135

S.W.2d 200; Thomas v. Meyer, Tex.Civ. App., 168 S.W.2d 681; Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923.

Trial below was to the court without a jury. The evidence supports findings, presumedly made by the trial court, that appellant violated the provisions of Article 827a, § 10, Vernon's Ann. Penal Code, and that there was a causal connection between his proscribed actions and appellees' injuries. We need not discuss the respective contentions as to "active" and "passive" negligence raised with reference to the "trespass" portion of the statute. The section of the Penal Code here involved reads as follows, to-wit:

"Sec. 10. No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway. * * *"

The evidence shows that a Mr. Spears was driving his car in a northerly direction on U. S. Highway No. 87, when he had a flat tire. It was night time and Spears was about fifteen miles south of the town of Mason when the mishap occurred. He pulled off the asphalt pavement onto the shoulder on his right-hand side. Jack Smith, a service station operator, was called to repair the tire. When Smith arrived he also drove his car off the paved portion of the road and parked on the shoulder on his right-hand side. Appellant was driving a wrecker and traveling in a southerly direction, coming from the direction of Mason, when he approached the place where the Spears and Smith cars were parked. He pulled over onto his left-

hand side of the pavement and left the wrecker parked on the paved portion of the highway opposite Spears' car, while he talked to Spears about towing him into Brady, Texas. The wrecker was parked on the wrong or left-hand side of the paved portion of the highway and its lights were burning brightly. The car in which appellees were riding approached from the south, traveling toward Mason. It is inferable that the driver, Cecil Berry, supposed the lights of the wrecker which he saw as he crossed over the crest of a hill in the road were the lights of a vehicle traveling toward him upon its proper right-hand side of the road. Berry attempted to stay to his right of such vehicle, and ran off onto the shoulder and then, when the Spears car loomed up ahead of him, sought to avoid a collision by turning sharply to the left. His automobile turned over and he collided with both the Spears car and appellant's wrecker.

It is undisputed that it was possible for appellant to have parked his wrecker off the paved or improved or main traveled portion of the highway. The witness Smith testified that "He (Wootan) could have parked anywhere, on either side, and been lawful." The highway in the area involved was constructed with a wide shoulder as is evidenced by the fact that two automobiles had been parked thereon without encroaching upon the paved portion of the road.

Appellant contends that he was not guilty of a violation of Article 827a, § 10, of the Penal Code because there was a space of more than fifteen feet in width of the paved portion of the highway which was not occupied by his wrecker and a clear view of the wrecker could be obtained from a distance of 200 feet in each direction upon the highway.

In our opinion, appellant's suggested construction of the statutory provision is not tenable. The proviso contained therein, that is, the part thereof following the words, "provided, in no event," becomes applicable only when it is not possible "to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway." Tarry Warehouse & Storage Co. v. Duvall, 131 Tex.

466, 115 S.W.2d 401; Ligon v. Hommel, Tex.Civ.App., 189 S.W.2d 23; Jackson v. Edmondson, Tex.Civ.App., 129 S.W.2d 369, Id., 136 Tex. 405, 151 S.W.2d 794; Bilbrey v. Gentle, Tex.Civ.App., 107 S.W.2d 597.

The order appealed from is affirmed.

SMITH, C. J., and MURRAY, J., concur.