## TEODOSIO GUTIERREZ & CO. et al. v. SUTTLE et al.

### No. 12174.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1951.

Rehearing Denied Feb. 14, 1951.

Moursund, Ball, Moursund & Bergstrom and Charles W. Barrow, all of San Antonio, for appellants.

Bracewell & Tunks, Houston, Frank W. Martin, Goliad, for appellees.

POPE, Justice.

This is an appeal from an order overruling a plea of privilege, relating to Section 9 of Article 1995, Vernon's Ann. Civ. Stats.

Appellees, being four minors and one adult, filed suit in Goliad County against appellants who reside in Webb County, seeking both personal and property damages arising out of an automobile collision which occurred in Goliad County. Appellants urge that the judgment is unsupported by the evidence and is against the overwhelming preponderance of the evidence. Appellees' petition alleged twenty-one grounds of negligence and they now urge that the judgment has substantial support in the evidence on eleven of these grounds.

Appellees were proceeding west in their automobile, following defendants' truck shortly before noon on a clear, dry day, when appellees' car collided with the rear of the truck as the two vehicles were about halfway around a gradual curve in the road.

The testimony showed that appellees were trailing the truck, after first starting to pass; that the truck had been travelling about forty-five miles per hour, and that at about the time the truck came opposite a woman hitch-hiker standing beside the road, it "either stopped or slowed down very slow," that it came to "a sudden stop or slowed down suddenly, art. 801, (K), Penal Code; art. 6701d, §§ 68(c), 69, 70, 93(a), 114(a), 124(a), Vernon's Ann.Civ. Stats.; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, and that this happened while the truck was on the highway beyond the left of the center line, art. 801, (J), Penal Code; Traylor v. Brentzel, Tex.Civ.App., 218 S.W.2d 261; San Antonio Transit Co. v. McCurry, Tex. Civ.App., 212 S.W.2d 645, rather than on the shoulder where it should have been, art. 6701d, § 93(a); Wootan v. Berry, Tex.Civ.App., 219 S.W.2d 156, that the

sudden stopping or reduction of speed was done without giving any signal, art. 801(K), Penal Code; art. 6701d, §§ 68(c), 69, 70; J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693, mandamus conditionally granted, Dillard v. Smith, 146 Tex. 227, 205 S.W.2d 366, conforming opinion, J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 206 S.W.2d 95, and that the truck was being operated unequipped with a stop light, art. 6701d, §§ 114(a), 124(a) (1); Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709. Appellants' truck driver, as well as the physical facts and photographs offered in evidence, though fruitful for dispute in their interpretation, provided additional facts in support of the required grounds of negligence as well as proximate cause. Based on pleadings, there is adequate evidence to show the commission of a crime or trespass under the venue statute. Cumba v. Union Bus Lines, Tex.Civ.App., 229 S.W.2d 176; Wash. v. Buster, Tex.Civ. App., 226 S.W.2d 241; Sproles v. Copeland, Tex.Civ.App., 67 S.W.2d 1076.

The judgment is affirmed.