Carol NASH, Appellant,

v.

Coy RODEN and wife, Villa Mae Roden,
Appellees.

No. 11479.

Court of Civil Appeals of Texas.

Austin.

May 10, 1967.

Rehearing Denied May 24, 1967.

Gardere, Porter & DeHay, Edward E. Crowell, Jr., Dallas, for appellant.

Byrd, Davis, Eisenberg & Clark, Tom H. Davis, Don L. Davis, Austin, for appellees.

PHILLIPS, Chief Justice.

The automobile accident that brought about this suit occurred on Interstate Highway 35 just north of the Bluff Springs overpass and a few miles south of the city of Austin. Interstate 35 is a freeway with three lanes each for northbound traffic and for southbound traffic. The northbound lanes and southbound lanes are separated by a grass median approximately ten feet wide.

At approximately 5:30 p.m. in November, 1963, the appellant, Carol Nash, was northbound on Interstate 35 driving in the right-hand, or outside, lane of traffic. At this time Carol Nash was a high school student, had been licensed to drive for only a few months and had only limited driving experience.

On the day of the collisions the weather was intermittently raining, showering and misting. The highway was wet and slick, the flow of traffic was heavy, especially the northbound traffic. Carol Nash had never driven on a wet highway prior to this date.

At the same time and place, James Ratterree, was also driving his car north on Interstate 35; however, he was driving in the left-hand, or inside, lane of traffic. James Ratterree was a salesman and had been driving for about twenty-seven years and drove approximately forty-seven thousand miles a year.

As Ratterree drove over a hill about a quarter of a mile south of the Bluff Springs overpass, he saw Carol Nash's vehicle approximately 200 feet in front of him in the outside lane of traffic. The Ratterree vehicle was overtaking the Nash vehicle and at the Bluff Springs overpass the Nash vehicle began to pull over into the center northbound lane to pass a car which was about 50 feet in front of it. At the time the Nash vehicle started to pass this car, the Ratterree vehicle was about 75 feet behind and was gaining on it. Ratterree applied his brakes lightly, as a precautionary measure, when the Nash vehicle started to pass the car in front of it.

When the Nash vehicle was approximately half in the outside lane and half in the center lane, Carol Nash applied her brakes and her vehicle went into a fast counterclockwise spin. Her car immediately skidded to the left through the center lane of traffic and directly across the path of the Ratterree vehicle which was about 40 feet south, or behind it, at the time.

In a split-second the front end of the Nash vehicle spun around and collided with the front end of the Ratterree vehicle just north of the Bluff Springs overpass. In another split-second the Nash vehicle skidded backward across the uncurbed median and struck the appellee Roden vehicle broadside in the southbound, outside lane of traffic.

The entire chain of events, described above, took place "in just a few seconds," "almost instantaneous," "within seconds," was a "split-second chain reaction" and was all over in "3 to 5 seconds."

The jury returned a verdict in which it found the appellant, Carol Nash, to have been negligent in failing properly to apply her brakes, failing properly to turn her vehicle, failing properly to accelerate and in crossing into the southbound lanes of traffic when such movement could not be made with safety, all of which were found to have been a proximate cause of the collision with the appellee's vehicle.

The jury exonerated James Ratterree of the one act of negligence inquired of against him, and found two other acts of Ratterree not to be the sole proximate cause of the collision, and further found the appellee, Coy Roden, free of contributory negligence. The jury found the accident was not avoidable and judgment was entered on the verdict finding damages in the total amount of $23,304.74 against the appellant, Carol Nash.

It is from this verdict and judgment that appellant has perfected her appeal to this Court.

We affirm.

I.

Appellant is before this Court on forty-one points of error, the first two, briefed together, are: the error of the trial court's definition of proximate cause in his charge to the jury, for the reason that the definition did not properly include the phrase "unbroken by any new and independent cause;" the error of the trial court in refusing the definitions of "proximate cause" and "new and independent cause" tendered by the appellant.

We overrule these points.

We quote from appellant's brief:

"There can be no question but that, regardless of any negligence on the part of Carol Nash in applying her brakes or attempting to pass another vehicle or whatever, the fact remains abundantly clear that her vehicle had completed a skid wholly on its own northbound portion of the roadway, and Carol Nash was in the process of trying to start her car again to regain control of it at the time when a second collision occurred, forcing her vehicle into an entirely new path onto the southbound portion of the roadway and into collision with appellees' vehicle, the rear end of the appellant's vehicle striking the left side of the appellees' car at roughly a right angle. Not

only was there no more motive force remaining from the spin of Carol Nash's vehicle which would have carried her across the curbed median, across two traffic lanes and into contact with the Rodens' car, but there is at least a serious question whether, under any theory of 'causation,' she could reasonably have anticipated the chain of events which took place, or could have reasonably anticipated injury to the appellees or those situated in the position of the appellees. If one wishes to assume, for the purpose of this problem, that there was negligence on the part of Carol Nash in applying her brakes improperly or in some other manner as submitted to the jury, there at least was evidence tending to break this causal connection, and the appellant, Carol Nash, was entitled to have the jury properly charged with a definition of 'Proximate Cause,' including the element of 'new and independent cause,' together with a proper definition of 'new and independent cause.' The appellant was deprived of this proper submission of the case, which under the evidence calls for a reversal. The 'new and independent cause,' of which your appellant feels there was some proof which entitled your appellant to a proper definition of 'Proximate Cause' and a proper submission to the jury, was a force itself capable of causing the damage to the appellees herein, in and of itself. Carol Nash was in essentially the same position, even though the front of her vehicle was reversed, as she would have been had her vehicle stalled through some defect, or for want of gasoline or for any number of reasons on the roadway, and it cannot be denied under the evidence that the proof presented in this case is without contradiction that the force which propelled the appellant's vehicle across the curbed median and into contact with the appellees' vehicle came from one source, that of James Ratterree."

In this connection appellant cites the following cases: Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60 (Comm. of App., 1935); Southland Greyhound Lines, Inc. v. Cotten, 126 Tex. 596, 91 S.W.2d 326 (Comm. of App., 1936); Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956 (Comm. of App., 1936); Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401 (1938); Texas Motor Coaches v. Palmer, 132 Tex. 77, 121 S.W.2d 323 (1938); Jackson v. Edmondson, 136 Tex. 405, 151 S.W.2d 794 (Comm. of App., 1941).

We hold that there is no evidence of any new or intervening cause.

We do not agree with the appellant in her analysis of the facts or the law applicable here.

■ As described above, this accident happened in a very few seconds. There is no argument about this. We hold that the appellant's negligence was the cause of the damage to the appellee and that such an accident or an accident of a similar nature was foreseeable under the facts and circumstances of this case. The impact of Ratterree's vehicle with that of the appellant was a concurring cause.

The law applicable here was stated by our Supreme Court in McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442 (1941):

"We think it is the generally accepted rule as applied to torts that 'If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.' Restatement of the Law of Torts, Vol. 2, p. 1184, § 439. Stated in another way, 'The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly

and proximately co-operates with the independent cause the resulting injury.' "

See also Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506 (1951); Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162 (1957); Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957).

## II.

Appellant's third point of error is that of the trial court in overruling the motions for instructed verdict of appellant, Carol Nash.

We overrule this point.

Our reasons for overruling this point are stated sufficiently under points one and two, above.

## III.

Appellant's points four through nine, briefed together are as follows: There was no evidence to support the submission by the Trial Court of Special Issue No. 1; there was insufficient evidence to support the submission of Special Issue No. 1 by the Trial Court; there is no evidence to support the jury's answer to Special Issue No. 1; there was no evidence to support the submission by the Trial Court of Special Issue No. 2; there was insufficient evidence to support the submission of Special Issue No. 2 and there is no evidence to support the jury's answer to Special Issue No. 2.

In answer to Special Issues Nos. 1 and 2 the jury found that appellant "failed to properly apply the brakes of her vehicle" and that such failure was a proximate cause of the collision with the appellee's vehicle.

On the occasion of the collisions involved here the highway was wet and slick, it had been raining and misting and the traffic was very heavy in the northbound lanes. The appellant, Carol Nash, had never driven on a wet highway before this date. It is undisputed, and confirmed by

appellant's own testimony, that her car did not begin to skid until after she applied the brakes. James Ratterree testified that appellant "hit her brakes and went out of control;" "hit her brakes and went into a skid," and that he saw the brake lights come on "before" her car started to skid.

This evidence established the fact that appellant failed to properly apply her brakes and that this was the proximate cause of the collision with the appellee's vehicle.

██ Under these circumstances, the jury was warranted in finding that appellant made an improper application of her brakes. Under this state of the record, the jury was the exclusive judge of the facts proved and the weight to be given the witnesses' testimony. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

We also hold that the answers of the jury to these Special Issues are not against the overwhelming weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust.

██ Appellant's fifth and eighth points of error do not present proper assignments of error because a trial court cannot refuse to submit an issue or disregard the jury's answer thereto merely because the evidence is factually insufficient to support the same. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965).

## IV.

Appellant's points of error ten through seventeen, briefed together, are as follows: There was no evidence to support the submission of Special Issue No. 3; there was no evidence to support the submission of Special Issue No. 4; there was insufficient evidence to support the submission of Special Issue No. 4; the Trial Court erred in its instruction and definition given in connection with Special Issue No. 4, for the reason that the definition as given by the Court constitutes a comment on the weight of the evidence; there is no evidence to support the jury's answer to Special Issue

No. 4; there was no evidence to support the submission by the Trial Court of Special Issue No. 5; there was insufficient evidence to support the submission of Special Issue No. 5 and there is no evidence to support the jury's answer to Special Issue No. 5.

We overrule these points.

By their answer to Special Issue No. 3, the jury found that "immediately prior to the collision between the Nash and Ratterree vehicles" the appellant Carol Nash "turned left in an attempt to pass a vehicle in front of her." The jury also found in answer to Special Issue No. 4 that appellant "failed to properly turn her vehicle" and that such failure was a proximate cause of the collision with the appellee's vehicle.

James Ratterree testified unequivocally that when appellant was about fifty feet behind a foreign car that was going slow, she started to pass the car and changed lanes by turning to her left and applied her brakes when the front of her car was about three feet into the center lane of traffic.

■ Appellant's tenth point of error contends there was no evidence that the appellant turned left in an attempt to pass a vehicle in front of her. In deciding this point the court is bound to review the evidence in its most favorable light "considering only the evidence and the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding. University of Texas: Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas.L.Rev. 361, 364 (1965).

With the abovementioned guide in mind, we find that Ratterree's testimony supports the jury's finding that appellant was turning left in an attempt to pass a vehicle in front of her.

Appellant also contends there was no evidence to support the jury's findings that appellee failed to properly turn her vehicle

and that such failure was a proximate cause of the collision with appellee's vehicle.

Again, under the same guide, Ratterree's testimony supports the findings. He testified that he was also in the northbound lane of traffic about 75 feet behind appellant when she started to pass the car in front of her. His car was gaining on appellant, the highway was wet and slick, and further, he testified that it was difficult to control a car on this wet pavement. He also testified that appellant's car did not start skidding until she turned to the left.

■ Under these conditions an inference can reasonably be drawn that the counterclockwise skidding of the appellant's vehicle was due to an inexperienced driver making a turn to the left while attempting to pass another vehicle. The jury could reasonably infer that appellant's vehicle would not have skidded over in front of Ratterree's vehicle unless appellant failed to properly turn her vehicle. The evidence is undisputed that at the place where the appellant's vehicle began skidding, the highway was level. Something had to make appellant's vehicle skid in front of the Ratterree vehicle and the reasonable inference is that the appellant failed to properly turn her vehicle when she started to pass the other car.

■ Appellant's contention that there is no evidence which could justify the jury's finding that appellant's failure to properly turn her vehicle was a proximate cause of the collision with appellee's vehicle is also without merit. The law is well settled that causation, as any other fact, can be proved circumstantially. Grossman v. Tiner, 347 S.W.2d 627, (Tex.Civ.App. Waco 1961, writ ref'd n. r. e.); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951).

We also hold that the answers of the jury to these special issues are not against the overwhelming weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust.

Appellant also contends that the trial court's definitions of "properly turn her ve-

hicle" in Special Issues Nos. 3 and 4 constituted a comment on the weight of the evidence because they assumed a fact in controversy, i. e., whether or not appellant did in fact turn her vehicle to the left.

Under the instructions of the court the jury was not to answer Special Issue No. 4 unless they found in answer to Special Issue No. 3 that appellant did in fact turn left in an attempt to pass another vehicle.

■ The assumption of a controverted fact in an issue is rendered harmless by the fact that, under the instructions of the court, the issue containing the assumption is to be answered only if the assumed fact is found to exist by the answer to a previous issue inquiring about its existence. American Water Co. v. Bunge, 213 S.W.2d 93 (Tex.Civ.App., Galveston 1948, writ ref'd n. r. e.).

Appellant's twelfth and sixteenth points of error do not present proper assignments of error. See Garza v. Alviar, above.

## V.

Appellant's points eighteen through twenty-six, briefed together, are as follows: There was no evidence to support the submission by the Trial Court of Special Issue No. 6; there was insufficient evidence to support the submission by the Trial Court of Special Issue No. 6; there is no evidence to support the jury's answer to Special Issue No. 6; there was no evidence to support the submission by the Trial Court of Special Issue No. 7; there was insufficient evidence to support the submission by the Trial Court of Special Issue No. 7; the Trial Court erred in its instruction or definition given in connection with Special Issue No. 7, for the reason that the instruction as given constituted a comment on the weight of the evidence by the Court; there was no evidence to support the submission by the Trial Court of Special Issue No. 8; there was insufficient evidence to support the submission by the Trial Court of Special Issue No. 8 and there is no evidence to support the jury's answer to Special Issue No. 8.

■ In answer to Special Issues 6, 7 and 8 the jury found that appellant accelerated her vehicle in an attempt to pass a vehicle in front of her; that she failed to properly accelerate her vehicle; and that such failure was a proximate cause of the collision with the appellee's vehicle.

The conditions under which this accident occurred are described above. The jury found that appellant did attempt to pass a vehicle in front of her. Ratterree described this vehicle as a "little foreign car, who was going real alow." Appellant's action in passing this other vehicle was further described by Ratterree to be that she "cut out;" "started to change the lane." The appellant testified that she did not recall whether or not she "acelerated quickly."

Again we are presented with no evidence points. We hold that the inferences drawn from the evidence support the findings here.

Supporting these inferences is the testimony of appellee, Coy Roden, who described appellant's vehicle as "moving fast," "both before and after" it struck Ratterree's car.

Appellant's twenty-third point of error contends that the definition given in connection with Special Issue No. 7 was a comment on the weight of the evidence. This is the same contention made with reference to Special Issues Nos. 3 and 4, above, and is without merit.

Appellant's twenty-second and twenty-fifth points do not present proper assignments of error under Garza, cited above.

## VI.

Appellant's points of error twenty-seven through thirty-three, briefed together are: The Trial Court erred in submitting Special Issue No. 9, for the reason that the wording of the Issue constitutes a comment on the weight of the evidence by the Court; there was no evidence to support the submission of Special Issue No. 9; there is insufficient

evidence to support the submission by the Trial Court of Special Issue No. 9; there is no evidence to support the jury's answer to Special Issue No. 9; there was no evidence to support the submission by the Trial Court of Special Issue No. 10; there was insufficient evidence to support the submission by the Trial Court of Special Issue No. 10; and the Trial Court erred in submitting Special Issue No. 10 unconditionally, when it should have been conditioned upon an affirmative answer to Special Issue No. 9, and the unconditional submission of Special Issue No. 10 informs the jury of the effect of their answer and constituted a comment upon the weight of the evidence by the Court.

Special Issue No. 9 asks whether "the crossing of Carol Nash's vehicle into the southbound lanes of traffic was the result of her failure to exercise ordinary care." Special Issue No. 10 asks whether such crossing into the southbound lanes was the proximate cause of the collision.

It is undisputed in the record that appellant's vehicle did in fact cross over into the southbound lanes of traffic.

Appellant's contention that Special Issues Nos. 9 and 10 constituted a comment on the weight of the evidence does not present error under the state of the record in this case. The only fact assumed in either issue is that appellant's vehicle crossed over into the southbound lanes of traffic. There is no evidence that this was not exactly what happened. Since this fact was uncontroverted, no error can be asserted with respect to the assumption of this fact in framing these issues.

Appellant also contends that there is no evidence that her crossing over into the southbound lanes of traffic was the result of her failure to exercise ordinary care. Appellant's theory is that, as a matter of law, she is excused from this conduct because her vehicle "had skidded out of control, before the impact with James Ratterree's car."

This contention is without merit.

One of the grounds of negligence alleged against appellant was that she violated Tex. Rev.Civ.Stat.Ann. art. 6701d, Sec. 62, which prohibits a person from crossing over into the left-hand roadway of a divided highway.

As stated above, the evidence is uncontradicted that appellant violated Sec. 62 of Art. 6701d.

In Texas, the rule is well established that the violation of a statutory duty is negligence per se, and that once the violation is established the only added finding necessary to establish a defendant's liability is that the violation of the statutory duty was a proximate cause of the plaintiff's injuries. University of Texas: Calvert, Special Issues Under Article 6701d, 34 Texas L. Rev. 971, 977 (1956).

This rule is not without exceptions, and once the violation has been proved, the defendant may then go forward and prove an excuse or justification for the violation. However, the burden is upon the party seeking to justify the violation to prove up an excuse or justification. Younger Bros. v. Marino, 198 S.W.2d 109, (Tex.Civ.App. Galveston 1946, writ ref'd n. r. e.); 27 Texas L.Rev. 866 (1949).

Appellant's contention that she has shown an excuse or justification for the violation because her vehicle was "out of control" merely begs the question. Appellant must show that her vehicle was excusably or justifiably out of control. Hammer v. Dallas Transit Company, 400 S.W.2d 885, (Tex.Sup.1966).

We also hold that the answers of the jury to these special issues are not against the overwhelming weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust.

Appellant's points of error twenty-nine and thirty-two present no assignment for appellate review under Garza, cited above.

## VII.

Appellant's points thirty-four through thirty-nine, briefed together are: There was no evidence to support the submission by the Trial Court of Special Issue No. 11; there was insufficient evidence to support the submission by the Trial Court of Special Issue No. 11; the Trial Court erred in giving a definition in connection with Special Issue No. 11, which constituted a comment on the weight of the evidence by the Court; there was no evidence to support the submission by the Trial Court of Special Issue No. 12; there was insufficient evidence to support the submission by the Trial Court of Special Issue No. 12; and there is no evidence to support the jury's answer to Special Issue No. 12.

We overrule these points.

Special Issue No. 11 inquired whether appellant changed lanes at a time when such movement could not be made with safety. Special Issue No. 12 was the concomitant issue on proximate cause. Appellant contends that there was no evidence to support these issues.

█ The very fact that appellant applied her brakes while attempting to change lanes under the conditions stated above provided the jury with a fact from which a reasonable inference could be drawn that such a change could not be made with safety.

Appellant testified that she did not know that the Ratterree vehicle was behind her. Ratterree testified that appellant skidded in front of him when he was only 40 feet from her.

█ Appellant was charged with knowledge, as a matter of law, that if she changed lanes at a time when such movement could not be done with safety, her conduct would result in a collision with another vehicle. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957).

We also hold that the answers of the jury to these special issues are not against the overwhelming weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust.

Appellant's thirty-sixth point is not supported with a statement, argument or authorities, consequently, must be considered as waived. Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197 (1955).

Appellant's thirty-fifth and thirty-eighth points of error do not present proper assignments and should not be considered under Garza, cited above.

## VIII.

Appellant's fortieth point of error is that the jury's answer to Special Issue No. 13 was against the great weight and preponderance of the evidence.

We overrule this point.

Special Issue No. 13 asked the jury if Ratterree "failed to make timely application of the brakes on his automobile." The jury answered "no."

We overrule this point.

The circumstantial evidence bearing on this issue was that the entire chain of events was almost instantaneous.

Based on the facts of the case outlined above we hold that this assignment is without merit.

## IX.

Appellant's forty-first point of error is that of the trial court in commenting on the weight of the evidence in Special Issues Nos. 4, 7 and 11 had the cumulative effect of informing the jury of the effects of their answers and unduly emphasized the appellee's theory of the case to the prejudice of the appellant, Carol Nash.

We overrule this point.

These three issues are set out above. Special Issue No. 4 was conditionally sub-

mitted upon an affirmative answer to Special Issue No. 3. Special Issue No. 7 was conditionally submitted upon an affirmative answer to Special Issue No. 6.

 It is well established that an issue which is conditionally submitted upon an affirmative finding of an act or omission does not operate to inform the jury of the effect of their answer. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422 (1954).

Special Issue No. 11 submitted appellant's violation of Tex.Rev.Civ.Stat.Ann. art. 6701d, Sec. 62. Once the violation is established, the only other finding necessary to make the appellant liable was that such violation was a proximate cause of the appellee's injuries. Calvert, Special Issues Under Article 6701d, supra.

The judgment of the trial court is affirmed.

Affirmed.